FILED
10:02 am, 10/20/26
Margaret Botkins
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

SAYAT NURGAZYYEV,

Plaintiff,

vs.

CODE STAFF, LLC, a Wyoming limited liability company; YAKIV CHERNYSHENKO aka YAKOV CHERNYSHENKO, an individual; and YEVHEN KYSYLEVSKYI, an individual;

Defendants.

Case No. 25-CV-155-R

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS FOR LACK OF JURISDICTION [38]**

This matter is before the Court on Defendants Yakiv Chernyshenko and Yevhen Kysylevskyi's (the "Individual Defendants") Motion to Dismiss for Lack of Jurisdiction. [ECF No. 38]. The Court, having carefully considered the arguments and authority, and being fully advised in the matter, grants Individual Defendants' Motion to Dismiss without prejudice.

## INTRODUCTION

Plaintiff alleges that Defendants fraudulently induced him to enter a contract for the development of software and to transfer payments of approximately $400,000 to them, for which Defendants provided nothing of value in return. The Individual Defendants move to

dismiss Plaintiff's claims, asserting that the Court lacks personal jurisdiction over them because they are both Ukrainian citizens domiciled in Ukraine and the United Kingdom, respectively, who have had no contact with Wyoming apart from their membership in Code Staff, LLC ("Code Staff"), a Wyoming limited liability company ("LLC"). Plaintiff asserts that the Individual Defendants treated Code Staff as their alter ego, and thus the Court should pierce the LLC veil and impute Code Staff's Wyoming contacts to them as individuals.

The Court finds that the Individual Defendants' contacts with Wyoming are insufficient alone to permit the exercise of personal jurisdiction over them. Additionally, Plaintiff's alter ego theory fails because his allegations of fraud—which would otherwise support a claim of alter ego—do not meet the particularity requirement of Federal Rule of Civil Procedure 9(b). Because the Court declines to pierce the LLC veil, the Court finds that it lacks personal jurisdiction over the Individual Defendants.

## Background

Plaintiff Sayat Nurgazyyev, a resident of Kazakhstan, filed this diversity action against Code Staff, Yakiv Chernyshenko a/k/a Yakov Chernyshenko (a citizen of Ukraine), and Yevhen Kysylevskyi (a citizen of Ukraine domiciled in the United Kingdom). Plaintiff alleges that Defendants used false representations to induce him to enter into a Service Agreement for the development of software in April 2023. [ECF No. 1, at 5]. Under the Service Agreement, Code Staff was to design, develop, and implement a proprietary web and mobile application for the transportation industry according to Plaintiff's

specifications. *Id.* Plaintiff claims that Defendants accepted payments of approximately $400,000 and provided nothing of value in return. *Id.* at 11.

Plaintiff claims that beginning in early 2023 he negotiated with Mr. Kysylevskyi, who held himself out as CEO of Code Staff, for the development of his desired software. *Id.* at 4. Mr. Kysylevskyi allegedly represented that Code Staff was a legitimate software-development firm with a physical office in Wyoming, had skilled employees, performed prior work for major platforms such as WhatsApp and Viber, and had the capacity and intent to perform the work in a timely manner and transfer all resulting intellectual property to Plaintiff upon demand. *Id.* at 4–5. Mr. Chernyshenko, also holding himself out as CEO of Code Staff, executed the Service Agreement and related confidentiality agreements and later issued invoices certifying that substantial hours of work had been performed. *Id.* at 6, 8–9. Plaintiff alleges the Individual Defendants' representations were false; that Code Staff was a shell entity without assets, employees, or offices; that no substantive development of the software occurred; and that no source code or other intellectual property was ever produced. *Id.* at 2, 7. Plaintiff claims that the Individual Defendants continued their fraudulent scheme throughout 2023 by providing false progress reports, mock-up images, and invoices while refusing Plaintiff's repeated requests for access to the code repository and other project materials. *Id.* at 8–11.

Plaintiff asserts six causes of action: (1) fraud against all Defendants; (2) breach of contract against Code Staff; (3) breach of the implied covenant of good faith and fair dealing against Code Staff; (4) unjust enrichment against Code Staff; (5) civil conspiracy

against all Defendants; and (6) conversion against all Defendants. Plaintiff seeks compensatory damages, punitive damages, interest, attorneys' fees, and costs.

*Individual Defendants' Motion to Dismiss [ECF No. 38]*

The Individual Defendants move to dismiss Plaintiff's claims against them under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction or, alternatively, under Rule 12(b)(5) for insufficient service of process. The Individual Defendants argue that this Court lacks personal jurisdiction to hear the claims against them. [ECF No. 39, at 2]. The Individual Defendants argue there is no general jurisdiction because neither individual is domiciled in or "at home" in Wyoming. *Id.* The Individual Defendants also claim specific jurisdiction fails for three reasons: (1) Code Staff's contacts with Wyoming cannot be imputed to the Individual Defendants; (2) the Individual Defendants are not alleged to have purposefully directed any activity at Wyoming; and (3) the brunt of the alleged injury was not felt in Wyoming. *Id.* at 6. Further, the Individual Defendants assert that even if minimum contacts existed, exercise of jurisdiction would offend traditional notions of fair play and substantial justice given the substantial burden on foreign nationals, Wyoming's minimal interest in the dispute, and Plaintiff's lack of connection to the forum *Id.* at 12–13.

As an alternative, the Individual Defendants contend that dismissal under Rule 12(b)(5) for insufficient service is appropriate. *Id.* at 13.

*Plaintiff's Response [ECF No. 47]*

Plaintiff opposes the Individual Defendants' Motion and requests that it be denied. Plaintiff asserts that the Court has both general and specific personal jurisdiction over the

Individual Defendants based on an alter ego theory and their conduct within the state. [ECF No. 47, at 14–15]. Plaintiff alleges that Mr. Kysylevskyi is the sole member of Code Staff; that he, together with Chernyshenko, completely controlled the company; and that Code Staff is and was without substantial assets or employees and engaged in no other business than a "mere financial conduit" for the two of them. [ECF No. 47, at 12]. Plaintiff also asserts that the Court should order jurisdictional discovery or grant Plaintiff leave to amend the Complaint to add further allegations on the issue of personal jurisdiction. *Id.* at 16–17.

## RELEVANT LAW

When a defendant moves to dismiss under Rule 12(b)(2), the "[p]laintiff bears the burden of establishing personal jurisdiction over the defendant." *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998) (citation omitted). For the plaintiff to defeat a Rule 12(b)(2) motion to dismiss, they need only make a "prima facie showing by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant." *Id.* "In ascertaining the facts necessary to establish jurisdiction, the district court must accept as true the allegations set forth in the complaint to the extent they are uncontroverted by defendant's affidavits." *Ten Mile Indus. Park v. W. Plains Serv. Corp.*, 810 F.2d 1518, 1524 (10th Cir. 1987) (quoting *Behagen v. Amateur Basketball Ass'n of the U.S.*, 744 F.2d 731, 733 (10th Cir. 1984)). However, the court need only accept as true the well-pled facts in the complaint—mere conclusory allegations are insufficient. *Id.*

"Because this is a diversity case, substantive issues are controlled by state law and procedural issues are controlled by federal law." *Burnham v. Humphrey Hospitality Reit*

*Tr., Inc.*, 403 F.3d 709, 712 (10th Cir. 2005). Thus, "state law governs whether an alter ego relationship exists." *BASF Corp. v. Willowood, LLC*, 359 F. Supp. 3d 1018, 1025 (D. Colo. 2019). However, "[t]he law of the forum state and constitutional due process limitations govern personal jurisdiction in federal court." *Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 903 (10th Cir. 2017). In Wyoming, courts "are authorized by statute to exercise personal jurisdiction over defendants on any basis which is not inconsistent with the Wyoming or United States constitutions." *Black Diamond Energy Partners 2001-A Ltd. v. S & T Bank*, 278 P.3d 738, 742–43 (Wyo. 2012); *see also* Wyo. Stat. Ann. § 5-1-107. Accordingly, personal jurisdiction in Wyoming is permitted insofar as it comports with the Due Process Clause of the Fourteenth Amendment. "The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471–72 (1985) (citation omitted). Thus, for a court to exercise personal jurisdiction over a nonresident defendant, the defendant must have "minimum contacts" with the forum state such that defending a lawsuit there would not "offend traditional notions of fair play and substantial justice." *Eighteen Seventy, LP v. Jayson*, 32 F.4th 956, 965 (10th Cir. 2022) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

A defendant's contacts may give rise to general or specific jurisdiction. *See Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011). General jurisdiction allows a court to hear "any and all claims against [the defendant] when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State."

*Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). Courts typically assert general jurisdiction over an individual where that individual is domiciled, and over a corporate defendant in its place of incorporation and principal place of business. *Id.* at 137. Specific jurisdiction, meanwhile, "depends on an affiliation between the forum and the underlying controversy," which primarily refers to "activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Goodyear*, 564 U.S. at 919 (citation modified). To establish minimum contacts for specific jurisdiction, a plaintiff must make two distinct showings: (1) that the out-of-state defendant "purposefully directed its activities at residents of the forum state," and (2) that the plaintiff's injuries "arise out of defendant's forum-related activities." *Shrader*, 633 F.3d at 1239 (quoting *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1071 (2008)) (internal quotation marks omitted). Even where those requirements are met, the court must still "inquire whether the exercise of personal jurisdiction would offend traditional notions of fair play and substantial justice." *Id.* at 1240 (citation omitted).

## RULING OF THE COURT

Mr. Chernyshenko and Mr. Kysylevskyi claim that the Court lacks personal jurisdiction over them because they are not "at home" in Wyoming and thus cannot be subject to general jurisdiction, nor can Code Staff's contacts with Wyoming be imputed to them as individuals. Plaintiff, in response, argues that the Individual Defendants used Code Staff as their alter ego, such that the Court should pierce the corporate veil, impute Code Staff's Wyoming contacts to them, and assert jurisdiction over them as individuals. The

Court will first consider whether the Individual Defendants are subject to personal jurisdiction based on their contacts with the forum. Next, the Court will examine whether the Individual Defendants treated Code Staff as an alter ego such that the Court should permit piercing the corporate veil and impute Code Staff's contacts to them. Finally, the Court will address Plaintiff's request for jurisdictional discovery and leave to amend.

## *I. Personal Jurisdiction*

First, the Court considers whether, in the absence of any theory of alter ego, the Individual Defendants are subject to personal jurisdiction in Wyoming. In their Motion to Dismiss, the Individual Defendants argue that they are subject to neither general nor specific jurisdiction in Wyoming. The Court agrees.

As noted above, individuals are subject to general jurisdiction where they are domiciled. In this case, neither individual is domiciled in Wyoming; Mr. Chernyshenko is a citizen and resident of Ukraine, [ECF No. 39-1, at 2], and Mr. Kysylevskyi is a citizen of Ukraine residing and domiciled in the United Kingdom. [ECF No. 39-2, at 2]. Neither individual, it seems, has ever set foot in Wyoming. [ECF No. 39-1, at 2; ECF No. 39-2, at 2]. Thus, neither of the Individual Defendants is subject to general jurisdiction in Wyoming.

Whether this Court may exercise personal jurisdiction over the Individual Defendants, then, depends on whether they are subject to specific jurisdiction here—that is, whether (1) each individual "purposefully directed [his] activities at residents of the forum state," and (2) Plaintiff's injuries "arise out of defendant's forum-related activities." *Shrader*, 633 F.3d at 1239 (quoting *Dudnikov*, 514 F.3d at 1071) (internal quotation marks omitted). Under Wyoming law, contacts of a company's founders, officers, or other agents

with a forum in their corporate capacity do not constitute contacts by the individual. *See, e.g.*, *Newsome v. Gallacher,* 722 F.3d 1257, 1277 (10th Cir. 2013) (citing *Ten Mile*, 810 F.2d at 1528). Similarly, a company's forum contacts cannot be attributed to its individual employees, officers, or agents. *Id.*; *Keeton v. Hustler Mag., Inc.*, 465 U.S. 770, 781, n.13 (1984) (citing *Calder v. Jones*, 465 U.S. 783, (1984)). *See also Frankel v. Guardian Law*, No. CH-2024-000009, ¶ 34 (Wy. Ch. Oct. 15, 2024) (holding that "filing an LLC with the secretary of state is an attenuated connection with Wyoming—an insufficient contact to support personal jurisdiction"); *Brandon, et al. v. Bradley*, CH-2024-0000015, ¶ 20 (Wy. Ch. Aug. 28, 2026) (noting that "members must have the requisite minimum contacts with the forum state independently of the [LLC]").

The Individual Defendants' contacts with Wyoming consist of little more than registering Code Staff as a Wyoming LLC. Their actions, as alleged in this lawsuit, have almost nothing to do with Wyoming—they are both Ukrainian citizens living in Europe, they conducted (or, as alleged, failed to conduct) work remotely from Europe, and that work was aimed at a client in Kazakhstan. If they engaged in any fraudulent conduct, they did so from the United Kingdom or Ukraine while communicating with Plaintiff in Kazakhstan. Their only conduct aimed at Wyoming was the registration of Code Staff, which alone is an insufficient contact to support personal jurisdiction. And even if the formation of an LLC in Wyoming did constitute a sufficient contact, Plaintiff's alleged harm arose not from the formation of Code Staff but from Defendants' fraudulent behavior and conspiracy—which, again, would have taken place in Ukraine and the United Kingdom and caused harm in Kazakhstan. In sum, the Individual Defendants did not purposely direct

their activities at Wyoming sufficiently to support jurisdiction, nor did Plaintiff's injuries arise from the Individual Defendants' Wyoming-related activities. The Court therefore finds that it cannot exercise specific jurisdiction over the Individual Defendants based on their own contacts.

***II. Alter Ego***

Plaintiff alleges the Individual Defendants are subject to personal jurisdiction in Wyoming because they used Code Staff as an alter ego, and thus the contacts of Code Staff in Wyoming should be treated as forum contacts of the two Individual Defendants.

"For a corporation to be accorded treatment as a separate entity, it must exist and function as such and not be the alter ego of the person owning and controlling it and cannot be used or ignored just to fit the convenience of the individual." *PanAmerican Mineral Servs., Inc. v. KLS Enviro Res., Inc.,* 916 P.2d 986, 990 (Wyo. 1996) (quoting *Amfac Mech. Supply Co. v. Federer,* 645 P.2d 73, 79 (Wyo. 1982); *overruled in part on other grounds*, *Texas W. Oil & Gas Corp. v. First Interstate Bank of Casper,* 743 P.2d 857, 859 (Wyo. 1987)). Further, "if the corporation is not a viable one and the individuals are in fact conducting personal activities and using the corporate form as a shield, a court may feel compelled to pierce the corporate veil and permit assertion of personal jurisdiction over the individuals." *Ten Mile,* 810 F.2d at 1527 (applying Wyoming law and citing 4 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure, § 1069, p. 69 (1985 Supp.)). On the other hand, "[w]here the acts of individual principals of a corporation in the jurisdiction were carried out solely in the individuals' corporate or representative capacity, the

corporate structure will ordinarily insulate the individuals from the court's jurisdiction." *Id.*

The Wyoming Supreme Court has specified that the factors to consider when assessing whether to pierce the veil of an LLC are not identical to the corporate factors, as LLCs are "intended to be much more flexible than a corporation." *GreenHunter Energy, Inc. v. W. Ecosystems Tech., Inc.*, 337 P.3d 454, 461 (Wyo. 2014) (quoting *Kaycee Land & Livestock v. Flahive*, 46 P.3d 323, 328 (Wyo. 2002)). Piercing the veil is a rare exception to the rule of limited liability, "to be applied only in cases involving exceptional circumstances." *Id.* at 465. In Wyoming, piercing the veil of an LLC requires two conditions:

> "(1) the limited liability company is not only owned, influenced and governed by its members, but the required separateness has ceased to exist due to misuse of the limited liability company; and (2) the facts are such that an adherence to the fiction of its separate existence would, under the particular circumstances, lead to injustice, fundamental unfairness, or inequity."

*Id.* at 462. In assessing whether these conditions exist, courts may consider several factors: (1) whether there has been fraud; (2) inadequate capitalization; and (3) "the degree to which the business and finances of the company and the member are intermingled." *Id.* at 463–64. Only the first factor can be dispositive alone. Wyo. Stat. Ann. § 17-29-304(c). This is a fact-driven analysis, and courts may consider additional factors where the circumstances demand it. *GreenHunter Energy*, 337 P.3d at 464. However, the 2010 Wyoming Limited Liability Company Act ("WLLCA") prohibits piercing the veil on the grounds that an LLC failed "to observe any particular formality relating to the exercise of the company's powers

or management of its activities," or based on "[t]he exercise of ownership, influence, and governance by a member or manager." Wyo. Stat. Ann. § 17-29-304(d)(ii)–(iii).

Conclusory allegations of alter ego are insufficient; a plaintiff must plead specific facts that an individual is acting as a company's alter ego. *See Ten Mile*, 810 F.3d at 1527 (declining to pierce the corporate veil where plaintiff did not show evidence that either group of individuals used the company for personal affairs); *see also Medina v. Four Winds Int'l Corp.,* 111 F. Supp. 2d 1164, 1169 (D. Wyo. 2000) (finding on summary judgment that plaintiffs did not allege an "injustice or unfairness would result unless corporate separateness is disregarded"); *Gas Sensing Tech. Corp. v. Ashton,* No. 16-CV-272-F, 2017 WL 2955353, at *11 n. 6 (D. Wyo. June 12, 2017) (granting motion to dismiss for lack of personal jurisdiction because alter ego allegations were conclusory).

Many of Plaintiff's allegations supporting alter ego are conclusory, lacking in both specificity and evidentiary support. The Complaint alleges, for example, that "Code Staff had no substantial assets or financial ability to discharge any obligations as they became due without the Plaintiff's funds." [ECF No. 1, at 5]. But Plaintiff provides no additional information by which to confirm this allegation—he provides bank records for Code Staff, but no evidence as to any obligations that Code Staff could not meet, nor any indication that Code Staff's alleged undercapitalization was intentional and not the result of a business failure. *See Gasstop Two, LLC v. Seatwo, LLC*, 225 P.3d 1072, 1077–78 (Wyo. 2010) (finding that undercapitalization was insufficient to pierce the corporate veil where the lack of capital was due to the "poor location, lack of customers and poor traffic count"). Similarly, Plaintiff's Response states that Defendants used "corporate funds and accounts

as their own," and employed "the diversion of assets creating insolvency," but provides no further information as to these allegations. *See* [ECF No. 47, at 14].

Additionally, several of Plaintiff's allegations cannot permissibly support piercing the LLC veil under WLLCA. Plaintiff states, for instance, that both Mr. Chernyshenko and Mr. Kysylevskyi represented themselves as CEO of Code Staff, despite the Service Agreement listing only Mr. Chernyshenko as CEO. *See* [ECF No. 1, at 6]. But a member's failure to observe formalities related to the exercise of ownership and management of an LLC is an impermissible consideration under WLLCA, precisely because of the informal nature of LLCs. Plaintiff's allegation that Code Staff lacked corporate records is an impermissible consideration for the same reason.

Finally, Plaintiff alleges in his Complaint that both Individual Defendants "used [Code Staff] as an alter ego and an instrument of fraud." [ECF No. 1, at 3]. As noted above, fraud can constitute a sufficient basis to justify piercing the LLC veil, even when unaccompanied by other factors. Thus, whether Plaintiff's allegations support piercing the LLC veil turns on whether the Complaint adequately pleads fraud.

Federal Rule of Civil Procedure 9(b) requires that fraud must be pleaded with particularity. In Wyoming, the elements of a claim for relief for fraud include

> a false representation made by the defendant which is relied upon by the plaintiff to his damage, the asserted false representation must be made to induce action, and the plaintiff must reasonably believe the representation to be true. A plaintiff who alleges fraud must do so clearly and distinctly, and fraud will not be imputed to any party when the facts and circumstances out of which it is alleged to arise are consistent with honesty and purity of intention. Fraud must be established by clear, unequivocal and convincing evidence, and will never be presumed.

*GreenHunter Energy*, 337 P.3d at 470 (quoting *White v. Shane Edeburn Const., LLC*, 285 P.3d 949, 957 (Wyo. 2012)). Among those circumstances that must be stated with particularity are "the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir. 1997) (quoting *Lawrence Nat'l Bank v. Edmonds (In re Edmonds)*, 924 F.2d 176, 180 (10th Cir. 1991)). In other words, "[a] party who alleges fraud must 'set forth the who, what, when, where and how of the alleged fraud.'" *Mbaku v. Bank of America, Nat'l Ass'n*, 628 F. App'x 968, 975 (10th Cir. 2015) (quoting *United States ex rel. Sikkenga v. Regence Bluecross Blueshield*, 472 F.3d 702, 727 (10th Cir. 2006)). For example, when plaintiffs alleged in their complaint the substance of the defendants' false representations, but failed to "identif[y] the individuals who made the statements or the time and place the statements were made," these allegations were insufficiently particular to meet the pleading requirements of Rule 9(b). *Linford v. First Franklin*, No. 2:11-CV-793-TS, 2011 WL 5508826, at *2 (D. Utah Nov. 9, 2011). And when a defendant's counterclaim alleged that the plaintiff "falsely claimed that money solicited . . . would be maintained in a specific fund and used exclusively to maintain [the] ranch," this allegation was devoid of particularity as it lacked details of the time and place of the communication, as well as "any facts to support the alleged deceptive solicitation." *Trial Lawyers College v. Spences*, No. 1:20-CV-80-JMC, 2022 WL 4387614, at *3 (D. Wyo. Sept. 22, 2022).

Here, Plaintiff fails to meet the particularity requirement of Rule 9(b) because the Complaint does not "set forth the who, what, when, where and how of the alleged fraud."

*See Mbaku*, 628 F. App'x at 975. Instead, Plaintiff's explanation of Defendants' allegedly false statements is made up entirely of allegations in general terms. While he provides lists of misrepresentations, he does not provide any dates (instead listing general ranges of time, such as the "period between April 2023 and September 2023"), and at times he fails to specify which defendant made which misrepresentation. *See* [ECF No. 1, at 7] ("[T]he Individual Defendants falsely represented . . . ."). Plaintiff's description of the content of these statements is similarly general, explaining the nature of the misrepresentation without referencing any exact language nor the medium by which the communication took place. *See, e.g.*, [ECF No. 1, at 4–5] ("Kysylevskyi . . . made the following misrepresentations . . . Code Staff was engaged in the business of software development and marketing. . . . Code Staff had sufficient presence and assets to meet its liabilities as they were due."). These allegations lack the required degree of particularity because, like the allegations in *Spences*, they fail to provide any specific facts that could help prove the claims. And like the pleadings in both *Spences* and *Linford*, these allegations lack essential details of time and place.

Because Plaintiff fails adequately to plead fraud with particularity under Rule 9(b), and his remaining alter ego allegations are either conclusory or irrelevant, the Court declines to pierce the LLC veil and impute Code Staff's contacts to the Individual Defendants. Thus, the Court finds that it lacks personal jurisdiction over the Individual Defendants.

### *III. Jurisdictional Discovery and Request to Amend*

Finally, Plaintiff makes a cursory request for the Court to order jurisdictional discovery, or for leave to amend in lieu of dismissal. This unsupported request lacks any suggestion as to the basis of Plaintiff's entitlement to jurisdictional discovery, and it is insufficient to place either Defendants or the Court on notice as to the grounds upon which any proposed amendment would be based.

A party seeking jurisdictional discovery bears the burden of demonstrating both their entitlement to discovery and the prejudice that would flow from its denial. *Breakthrough Mgmt. Grp., Inc. v. Chukchansi Gold Casino & Resort*, 629 F.3d 1173, 1189 (10th Cir. 2024). "Prejudice is present where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002) (citation modified). Requests "based on little more than a hunch" are insufficient. *Breakthrough*, 629 F.3d at 1190.

In support of his request, Plaintiff notes only that he "believes and therefore avers that the Defendants further communicated with the registered agents and other in-state providers." [ECF No. 47, at 16]. This is little more than a hunch, and it does not establish Plaintiff's entitlement to discovery nor even suggest that prejudice might result if the Court denies it. Thus, Plaintiff's request for jurisdictional discovery is denied.

As to Plaintiff's request for leave to amend, he provides no information whatsoever as to what particular grounds support this request. "[A] bare request to amend in response to a motion to dismiss is insufficient to place the court and opposing parties on notice of

the plaintiff's request to amend and the particular grounds upon which such a request would be based." *Johnson v. Spencer*, 950 F.3d 680, 721 (10th Cir. 2020). Thus, Plaintiff's request for leave to amend is denied.

## CONCLUSION

For the reasons set forth above, the Court GRANTS the Individual Defendants' Motion to Dismiss without prejudice.

Because the Court dismisses Plaintiff's claims against the Individual Defendants on personal-jurisdiction grounds, it finds that Plaintiff's Cross-Motion for Alternative Service [ECF No. 47] is moot.

Dated this 20th day of October, 2026.

Kelly H. Rankin
United States District Judge